IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-03246-WJM-BNB

BOB TRUJILLO,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Rule 12(b)(1) Motion to Dismiss** [Doc. #6 filed 12/04/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This action was removed from the Small Claims Court in El Paso County, Colorado. The plaintiff alleges that on October 30, 2000, his sister's employer, the United States Air Force Academy ("USAFA"), was negligent because it did not have "life-saving equipment like (ex. automatic heart defibrillator and or trained staff) to respond quickly to save [her] life" after she fainted and became unresponsive. *Notice, Claim and Summons to Appear for Trial* [Doc. #1-2] (the "Complaint"), p. 1; *Claim for Damage, Injury, or Death* [Doc. #10], p. 2. The defendant

argues that the court lacks subject matter jurisdiction over the plaintiff's claim because he did not present an administrative claim to the agency.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

The defendant is asserting a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003. In addition, determination of the notice issue does not touch on the merits of the case. See

Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56). Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

It is well-settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotations and citations omitted). The FTCA provides a limited waiver of the sovereign immunity for certain torts. See 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680.

In order to maintain a claim under the FTCA, a plaintiff must comply with several strictly construed prerequisites to suit. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended"). Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or the claim "shall be forever barred." 28 U.S.C. § 2401(b). "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA." Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991). The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

The defendant relies on the Declaration of Randon Draper, Colonel, USAF. *Motion*, first attachment. Colonel Draper oversees the administration of Air Force tort claims records. His Declaration states that no administrative tort claim has been presented to the Air Force on behalf of Bob Trujillo which alleges the wrongful death of his sister. The plaintiff's response states that "Form 95 has been filed to the USAFA (FTCA)." Attached to the response is a completed Standard Form 95 captioned "Claim for Damage, Injury, or Death," [Doc. # 10] (the "Claim"), which describes the incident and states that the date of the incident was October 30, 2000. The Claim is signed by the plaintiff but is not dated. It is apparent on its face, however, that the Claim is made on a form that was revised in February 2007.[1] Consequently, the Claim certainly been prepared more than two years after it accrued and is time barred. See 28 U.S.C. §2401(b).

On the record before me, it appears that the plaintiff presented his administrative claim to the USAFA more than two years after the claim accrued. The plaintiff has failed to meet his burden to show that he timely exhausted his administrative remedies regarding the claim. Therefore, the Motion should be granted, and the Complaint should be dismissed.

I respectfully RECOMMEND that the Motion [Docs. #6] be GRANTED.[2]

---

[1] The form is labeled in the lower right corner "STANDARD FORM 95(REV. 2/2007)."

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 3, 2015.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge